UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

J. ROBERT YEOMAN and JEAN E. YEOMAN, :
 :
 Plaintiffs, :
 :
 v. : No. 5:17-cv-04159
 :
STATE FARM FIRE & CASUALTY :
COMPANY, :
 :
 Defendant. :

**O P I N I O N**

**Defendant's Motion to Dismiss, ECF No. 4 – Denied**

**Joseph F. Leeson, Jr.**         **May 22, 2018**
**United States District Judge**

## I. Introduction

Plaintiffs J. Robert Yeoman and Jean E. Yeoman have filed a Complaint asserting a
breach of contract claim against Defendant State Farm Fire & Casualty Company, alleging that
State Farm failed to pay benefits owed to them under an insurance policy after their home
sustained damage from a rain and wind storm. State Farm has filed a Motion to Dismiss the
Yeomans' Complaint, contending that it fails to state a claim on which relief may be granted.
Because the Court finds that the Complaint alleges each of the elements necessary to state a
claim for breach of contract under Pennsylvania law, the Motion is denied.

## II. Background

In the Complaint, which was filed in state court and removed to this Court by State Farm,
the Yeomans allege the following facts.

State Farm issued to the Yeomans an insurance policy, Policy No. 78-17-2712-8,
covering the Yeomans' premises located at 4545 Fir Drive, Nazareth, Pennsylvania. Compl. ¶ 4.

On or about July 25, 2016, while the insurance policy was in force, the Yeomans suffered a sudden and accidental direct physical loss due to wind and rainstorm at the insured premises, resulting in damage to the premises and the Yeomans' personal property. Compl. ¶ 6. The Yeomans allege that the extent of the damage is set forth in the "Estimates of Loss of Metro Public Adjustment, Inc. and various contractors," copies of which are attached to the Complaint. *See* Compl. ¶ 6 & Exs. A, B, and C. The Yeomans timely notified State Farm of the loss and did everything required of them under the policy, but State Farm has failed and refused to pay the Yeomans those benefits due under the policy. Compl. ¶¶ 7-8. Finally, they allege that as a result of State Farm's failure to pay the benefits owed them, they have suffered losses exceeding $50,000. Compl. ¶ 9. On the basis of these allegations, the Yeomans assert a breach of contract claim against State Farm.

In response to the Yeomans' Complaint, State Farm filed the present Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), contending that the Complaint "provides only the barest bones of a statement about [the] cause of action" and therefore fails to state a claim on which relief may be granted. Def.'s Mem. Supp. Mot. 2, ECF No. 4-2. Specifically, State Farm argues that the Complaint "fails to state what terms State Farm may have breached and only identifies damages by reference to undefined estimates and invoices." *Id.* In short, according to State Farm, the Complaint fails to state a claim for breach of contract because it "fails to identify the terms of the contract which support the existence of the claim, and fails to identify the particular damages sustained as a result." *Id.* at 4.

The Yeomans respond that the Complaint has fulfilled the requirements to state a claim for breach of contract under Pennsylvania law by alleging the following:

the existence of a homeowner's insurance policy covering the plaintiffs' home (i.e. the existence of a contract and its essential terms); that the defendant is responsible for paying benefits due and owing under the terms of the policy following a loss event (i.e. a breach of a duty imposed by the contract); and the damages suffered by the plaintiffs as detailed in the invoices and estimates attached as exhibits to the complaint (i.e. damages).

Pls.' Mem. Opp'n 8, ECF No. 5-2.

In reply, State Farm argues that the Complaint is particularly deficient in two respects. First, the Complaint fails to notify State Farm of "exactly what is being claimed as damages," because the invoices attached to the Complaint "are not adequate in that there is no reference to repairs actually made or actually necessary as a result of whatever the loss is claimed to be." Def.'s Reply 1, ECF No. 7. Second, State Farm contends that the Complaint is "at best, vague with regard to the circumstances of the claimed loss." *Id.* at 2.

## III.   Standard of Review – Rule 12(b)(6)

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and

common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## IV.     Analysis

"To state a claim for breach of contract under Pennsylvania law, a plaintiff must plead the following elements: (1) the existence of a contract, including its essential terms; (2) the defendant's breach of duty imposed by the terms; and (3) actual loss or injury as a direct result of the breach." *Angino v. Wells Fargo Bank, N.A.*, 666 F. App'x 204, 207 (3d Cir. 2016). "While not every term of a contract must be stated in complete detail, every element must be specifically pleaded." *In re 400 Walnut Assocs., L.P.*, 506 B.R. 645, 656 (Bankr. E.D. Pa. 2014) (quoting *Pennsy Supply Inc. v. American Ash Recycling Corp.*, 895 A.2d 595, 600 (Pa. Super. Ct. 2006)).

Here, the Yeomans have satisfied the necessary elements. First, they have pleaded the existence of a contract with State Farm, namely the insurance policy, and they have alleged that an essential term of this policy was that State Farm was to cover losses to the insured property. Second, they have alleged that State Farm breached this contract when it failed to pay benefits due under the policy. Third, they have alleged actual loss or injury, as set forth by the estimates attached to the Complaint. As for State Farm's contention that the Yeomans are "vague with regard to the circumstances of the claimed loss," the Complaint clearly alleges that the residence was damaged during a rain and wind storm on July 25, 2016. No further detail is required at this stage.

**V.**     **Conclusion**

For the reasons set forth above, State Farm's Motion to Dismiss the Complaint is denied.

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge